PER CURIAM.
We conclude that it was error for the trial court to dismiss the claim for a mechanic's lien. Accordingly, we reverse the dismissal, remand for retrial and direct on remand that the surety bond be reinstated. We also reverse the award of appellee’s attorney’s fee.
Because the trial court’s finding that appellant is due $48,260 is not contrary to the manifest weight of the evidence, appellant can recover no more than that amount on the contract. However, we find that there is no substantial competent evidence on which to base a set-off. Accordingly, on remand, we direct the judgment in favor of appellant on the contract be increased to $48,260.
HERSEY, GLICKSTEIN and DELL, JJ., concur.
UPON APPELLANT’S MOTION FOR CLARIFICATION
PER CURIAM.
We find that in our opinion of May 22, 1985 in case no. 83-2616 we neglected to direct that judgment in favor of appellant should provide, further, for prejudgment interest from August 23, 1982. See Vanech v. Hartsfield and Son, Inc., 444 So.2d 431 (Fla. 4th DCA 1983), and eases cited therein. We now add this direction.
HERSEY, C.J., and GLICKSTEIN and DELL, JJ., concur.